UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKEY R. TAYLOR, | ) Case No. 1:16CV2707 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) REPORT AND RECOMMENDATION |

Plaintiff Rickey R. Taylor ("Taylor" or "claimant") challenges the final decision of Defendant Commissioner of Social Security ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, *et seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.

The issue before the court is whether the final decision of the Commissioner is supported by substantial evidence and, therefore, conclusive. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be affirmed.

I. PROCEDURAL HISTORY

On May 6, 2013, Taylor protectively filed an application for a period of disability and DIB, alleging disability beginning March 15, 2011, due to "diabetes, depression, high blood pressure." (R. 10, PageID #: 182-183, 207, 211, 72.) Taylor's application was denied initially

and upon reconsideration. (R. 10, PageID #: 72; R. 14, PageID #: 2716, 2702-2715, 2733, 2717-2732.) Thereafter, Taylor filed a written request for a hearing before an administrative law judge. (R. 10, PageID #: 67.)

An Administrative Law Judge ("the ALJ") held the hearing on March 10, 2015. (R. 10, PageID #: 88-131.) Taylor appeared at the hearing, was represented by counsel, and testified. (*Id.* at 90, 96-122.) A vocational expert ("VE") also attended the hearing and provided testimony. (*Id.* at 93, 123-130.)

On May 20, 2015, the ALJ issued her decision, applying the standard five-step sequential analysis to determine whether Taylor was disabled. (R. 10, PageID #: 72-83; *see generally* 20 C.F.R. § 404.1520(a).) Based on her review, the ALJ concluded Taylor was not disabled. (R. 10, PageID #: 72, 83.) The Appeals Council denied Taylor's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. (R. 10, PageID #: 60-62.)

Taylor now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The parties have completed briefing in this case. Taylor presents the following legal issues for the court's review: "Whether the ALJ's Step Four conclusion is supported by substantial evidence when the ALJ's RFC finding precluded performance of both of the jobs identified by the VE as Mr. Taylor's past relevant work." (R. 11, PageID #: 5218.)

## II. PERSONAL BACKGROUND INFORMATION

Taylor was born on December 29, 1959, and was 51 years old on the alleged disability onset date. (R. 10, PageID #: 182, 207.) Taylor has a high school education, and is able to communicate in English. (R. 10, PageID #: 212, 210.) Taylor had past relevant work as a

heating and air conditioner mechanic, and as a building maintenance/repairer. (R. 10, PageID #: 83, 124.)

## III. RELEVANT MEDICAL EVIDENCE[1]

Disputed issues will be discussed as they arise in Taylor's brief alleging error by the ALJ. As noted earlier, Taylor applied for DIB benefits on May 6, 2013, alleging disability beginning March 15, 2011. (R. 10, PageID #: 182-183, 207, 211, 72.) Taylor listed his physical or mental conditions that limit his ability to work as: "diabetes, depression, high blood pressure." (R. 10, PageID #: 211.)

Taylor testified that he has had numbness and neuropathy in both feet, relating to diabetes. (R.10, PageID #: 95, 104-105, 106-107.) He testified that he experiences a "pins and needles sensation" in his feet, which prevents him from standing for more than thirty minutes at a time. *Id.* at 112-113.

On April 23, 2013, Sally Namboodiri, M.D., referred Taylor for a podiatry consultation based on Taylor's complaints of pain on the bottom of his feet, which the doctor indicated might be related to his diabetes. (R.9, PageID #: 1621.) Taylor related to the podiatrists Christopher Phillips and Howard Kimmel at a June 19, 2013, appointment, that for a few years the ball of his left foot had been hurting after walking, and in the past year the ball of his right foot began to

---

[1] The summary of relevant medical evidence is not intended to be exhaustive. It includes only those portions of the record cited by the parties and also deemed relevant by the court to the assignments of error raised.

3

hurt as well, "after about 1 hour of walking." *Id.* at 2520. Taylor was diagnosed with Plantar Fasciitis and Pes Planus (flat foot), and custom made orthotics were ordered for him. *Id.* at 2524.

On July 30, 2013, the state agency medical consultant, Rannie Amiri, M.D., indicated that Taylor had a "longstanding history of poorly controlled HTN [hypertension] and DM2 [diabetes mellitus], largely secondary to non-compliance and concomitant substance abuse." (R. 14, PageID #: 2712.) Dr. Amiri stated there was "no clear indication of [overt] neuropathy as protective sensation appears intact although it seems he has been treated for neuropathic pain in the past." *Id.* The doctor indicated "neuromuscular exam intact including strength and gait," and noted that claimant had stated on the function report that he can walk about one mile. *Id.* Dr. Amiri assessed that Taylor was capable of standing or walking (with normal breaks) about six hours of an 8-hour workday, and that he could climb ramps, stairs, ladders, ropes, or scaffolds frequently. *Id.*

On reconsideration, state agency medical consultant, Diane Manos, M.D., indicated on November 25, 2013, that there was no evidence of any significant or material changes to Taylor's medical condition since the initial determination. (R. 14, PageID #: 2730.) Dr. Manos concurred with the above postural limitations set out by Dr. Amiri. *Id.* at 2729.

Hearing testimony revealed that Taylor had a stroke in January 2015, which necessitated the use of a cane at the time of the March 2015 hearing. (R.10, PageID #: 95; *see also* PageID #: 2541.) Taylor testified that, at the time of the hearing, he was undergoing physical therapy which was helping him regain his ability to climb steps. *Id.* at 98, 100.

Taylor does not point to a Medical Source Statement in the record, nor does he rely on any other relevant medical evidence. *See generally* R. 15, PageID #: 5216-5217.)

4

## IV. ALJ's DECISION

The ALJ made the following findings of fact and conclusions of law in the May 20, 2015, decision:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since March 15, 2011, the alleged onset date (20 C.F.R. 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: ischemic heart disease, congestive heart failure, hypertension, diabetes mellitus, and atrial fibrillation (20 C.F.R. 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he can lift, carry, and push/pull fifty pounds occasionally and twenty-five pounds frequently and unlimited push and pull other than shown for lift and/or carry. He is able to sit and stand and/or walk six hours each in an eight-hour workday. He can occasionally crawl and climb ramps and stairs. He should not climb ladders, ropes or scaffolds.
>
> 6. The claimant is capable of performing past relevant work as a building maintenance/repairer (DOT #899.381-010), and heating and air conditioning mechanic (DOT #637.261-014). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 15, 2011, through the date of this decision (20 C.F.R. 404.1520(f)).

(R. 10, PageID #: 74, 76-77, 82-83.)

## V. DISABILITY STANDARD

A claimant is entitled to receive DIB benefits only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423. A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a).

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a disability determination. *See* 20 C.F.R. § 404.1520(a); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* § 404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(v).
>
> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004).

## VI. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether the ALJ applied the correct legal standards, and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Wright*, 321 F.3d at 614; *Kirk*, 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Wright*, 321 F.3d at 614; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989); *Hubbard v. Commissioner*, No. 11-11140, 2012 WL 883612, at *5 (E.D. Mich Feb. 27, 2012) (quoting *Heston*, 245 F.3d at 535).

VII.  ANALYSIS

Taylor presents the following legal issues for the court's review:  "Whether the ALJ's Step Four conclusion is supported by substantial evidence when the ALJ's RFC finding precluded performance of both of the jobs identified by the VE as Mr. Taylor's past relevant work."  (R. 11, PageID #: 5218.)  The crux of Plaintiff's argument is that the VE's testimony was inconsistent with the *Selected Characteristics of Occupations* ("SCO") when she stated that someone with Taylor's RFC could perform his past work.

## A.  The VE's Testimony at the Hearing

The VE attended the hearing, testified that she had reviewed the portions of the record relating to Taylor's employment history, and she witnessed his hearing testimony.  Taylor's past work, according to the VE, was classified at the medium level of physical demand, although he performed the building maintenance repairer position (DOT number 899.381-010, SVP 7) at medium to heavy level, the sewer pipe cleaner position (DOT number 899.664-014, SVP 3) at a medium level, and the heating and air conditioning mechanic position (DOT number 637.261-014, SVP 7) at a medium to heavy level.  (R. 10, PageID #: 124.)  The VE testified that there were no transferable skills from these jobs to either light or sedentary types of jobs.  *Id.*

The first hypothetical posed by the ALJ to the VE concerned an individual with the same age, education, and past work as the claimant, who could occasionally lift and carry 50 pounds, and frequently lift and carry 25 pounds, who is able to stand, walk, or sit for six hours of an eight-hour workday.  (R. 10, PageID #: 125.)  The hypothetical individual could occasionally climb ramps or stairs, but could never climb ladders, ropes, or scaffolds.  *Id.*  The VE testified that such an individual could perform the building maintenance, sewer pipe cleaner, and the

8

heating and air conditioning mechanic positions, as set forth in the *Dictionary of Occupational Titles* ("DOT").

The ALJ expanded the hypothetical to include an individual who might be absent from work two days per month due to issues of chronic pain. (R. 10, PageID #: 125.) The VE responded that such a person would not be able to perform the jobs that the VE had identified, and in fact there would be no jobs for such an individual. *Id.* at 125-126.

The ALJ modified the hypothetical to an individual who can occasionally lift and carry 20 pounds, and frequently lift and carry 10 pounds, with the other limitations remaining the same as the original hypothetical. (R. 10, PageID #: 126.) The VE testified that such a person would not be able to perform the claimant's past work as either generally or actually performed. *Id.* Such a hypothetical individual, however, would be able to perform work that included such positions as cashier II (DOT number 211.462-010, SVP 2, light level) with approximately 1,100,000 jobs in the national economy and 40,000 in the state; cleaner/housekeeping (DOT number 323.687-010, SVP 2, light level) with approximately 150,000 jobs in the national economy and 5,000 in the state; and parking lot attendant (DOT number 915.473-010, SVP 2, light level) with approximately 100,000 jobs in the national economy and 3,000 in the state. *Id.* at 126-127. Further, the VE testified that including the additional limitation of an individual who might be absent from work two days per month due to issues of chronic pain would eliminate such positions. *Id.* at 127.

The final hypothetical proposed by the ALJ was an individual with the same age, education, and past work as the claimant, who could occasionally lift and carry 10 pounds, and frequently lift and carry 5 pounds, who is able to sit for six hours of an eight-hour workday, but

9

is only able to stand and walk for two hours of the workday. (R. 10, PageID #: 127.) The hypothetical individual could occasionally climb ramps or stairs, but could never claim ladders, ropes, or scaffolds. *Id.* The VE testified that such an individual would not be able to perform the claimant's past work as either generally or actually performed. *Id.* Such an individual would be limited to jobs at the sedentary exertional level. *Id.* at 128. The VE testified that there would be no transferable skills from the claimant's past work to the sedentary jobs. *Id.*

In response to the ALJ's question, the VE testified that her testimony was consistent with the information found in the DOT and the companion publication SCO, except for the information she provided on days absent from work. *Id.*

Claimant's counsel asked the VE to consider the first hypothetical with one modification limiting the hypothetical person to standing for approximately two hours per day, rather than six hours, and asked if the jobs listed in response to the original first hypothetical would still exist. (R. 10, PageID #: 128.) The VE responded they would not, meaning such an individual could not do the claimant's past work. *Id.* at 128-129. The VE added that, in the DOT, there would be no other jobs that exist responsive to that hypothetical. *Id.* at 129. In response to further inquiry by the ALJ, the VE testified that there would be sedentary jobs that such a person could do, but with a lifting requirement up to fifty pounds. *Id.*

Plaintiff's counsel then modified the third hypothetical, which was at the light level, to add the limitation that the person can only stand or walk for approximately two hours per day, and asked if there would be any light level jobs. (R. 10, PageID #: 130.) The VE responded there would not be, per the DOT. *Id.*

B. Step Four

The ALJ's decision notes that Taylor worked as a heating and air conditioning mechanic from 2003 through 2007 and as a building maintenance/repairer from 2007 through 2011. (R. 10, PageID #: 83.) At Step Four of the sequential analysis, the ALJ determined that Taylor had the RFC to perform medium work. (*Id.*, PageID #: 77.) The ALJ concluded Taylor is able to sit, stand and walk six hours each in an eight-hour workday. *Id.* Further, he can occasionally climb ramps and stairs, but he should not climb ladders, ropes or scaffolds. *Id.* The ALJ determined that Taylor was capable of performing past relevant work as a building maintenance/repairer (DOT 899.381-010), and heating and air conditioning mechanic (DOT 637.261-014), and that this work does not require the performance of work-related activities precluded by his RFC. (R. 10, PageID #: 82.)

Taylor's brief argues that his RFC precludes the performance of both such past work. (R. 15, PageID #: 5219-5221.) He asserts that the SCO indicates that both positions require occasional climbing. (R. 15, PageID #: 5219, citing SCO, pages 104, 77 (attached as exhibits 1 and 2, PageID #: 5223-5224).) Taylor, consequently, alleges a conflict between the ALJ's RFC, which indicated that he should not climb ladders, ropes or scaffolds (R. 10, PageID #: 77), and the SCO's indication that both positions require occasional climbing. (R. 15, PageID #: 5219.)

Taylor argues that this court should reverse and remand the Commissioner's decision because of the purported conflict between the RFC and SCO. (R. 15, PageID #: 5219.) He contends that this inconsistency was not resolved during the hearing, nor in the ALJ's decision. *Id.* at 5220. Taylor asserts that the "VE failed to identify this inconsistency [during her testimony] when directly asked whether her testimony was consistent with the DOT and SCO",

11

and that "the ALJ failed to identify and obtain a reasonable explanation for this apparent conflict." *Id.* (citing SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000).)

The Commissioner points out, however, that the SCO defines "climbing" broadly, to include "ascending or descending ladders, stairs, scaffolding, ramps, poles and the like." (R. 16, PageID #: 5233, citing SCO, R. 15-3, PageID #: 5227.) The ALJ's RFC allows occasional climbing of ramps and stairs, but not climbing of ladders, ropes or scaffolds.[2] (R. 10, PageID #: 77.) Thus, as an initial matter, the record does not demonstrate a clear conflict between the RFC and the SCO, absent further information not presented in the record concerning the type of climbing that is associated with performing the above jobs. But even with an unresolved inconsistency, the governing legal authority does not support reversal or remand. *Beinlich v. Comm'r of Soc. Sec.*, 345 Fed. App'x 163, 168-69 (6th Cir. 2009).

Pursuant to SSR 00-4p, 2000 WL 1898704, when a VE "provides evidence about the requirements of a job or occupation," the ALJ "has an affirmative responsibility to ask about any possible conflict between that VE … evidence and information provided in the DOT." First, the ALJ must ask the VE "if the evidence he or she has provided conflicts" with the DOT. *Id.* Second, if the VE's evidence "appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict." *Id.*

---

[2] The Commissioner suggests that even if the ALJ erred at Step Four, it would be harmless error because the record shows that had the ALJ proceeded to Step Five the ALJ would have found Taylor could perform a substantial number of jobs. Taylor responds that such an argument is post-hoc rationalization. The court does not address the harmless error argument because, as set forth herein, Taylor's sole ground for relief does not constitute reversible error.

12

The Sixth Circuit Court of Appeals has addressed an analogous post-hearing argument alleging an inconsistency between the VE's testimony and the DOT, and determined that "the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00–4p." *Beinlich*, 345 Fed. App'x at 168 (citing *Lindsley v. Commissioner*, 560 F.3d 601, 606 (6th Cir. 2009)); *see also Martin v. Commissioner*, No. 04-4551, 2006 WL 509393, at *5 (6th Cir. Mar. 1, 2006) (ALJ does not have duty to conduct independent investigation into VE's testimony); *Parrish v. Berryhill*, No. 1:16CV1880, 2017 WL 2728394, at *12-*13 (N.D. Ohio June 8, 2017), *adopted by* 2017 WL 2720332 (N.D. Ohio June 23, 2017) (quoting *Beinlich*). Rather, the *Beinlich* court continued: "This obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT." *Beinlich*, 345 Fed. App'x at 168 (citing *Ledford v. Astrue*, No. 07-4234, 2008 WL 5351015, at *10 (6th Cir. Dec. 19, 2008)); *Parrish*, 2017 WL 2728394, at *12.

The Sixth Circuit has confirmed that the opportunity to address an inconsistency between a VE's testimony and occupational references is at the hearing. The Sixth Circuit has explained as follows:

> Even if there were an inconsistency, the plaintiff has not pointed to any authority that the ALJ erred in his findings based on the VE's testimony, which went unchallenged by the plaintiff until after the ALJ issued his decision. As an initial matter, neither the ALJ nor the VE is required to follow the DOT. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (holding that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications"). The ALJ fully complied with SSR 00-4p when he asked the VE whether there was "any discrepancy between [her] opinions and the DOT standards for the requirements of the jobs [she] named." *See Lindsley*, 560 F.3d at 606 (holding that the ALJ fulfilled his duties when he asked the VE whether there was any "discrepancy between your opinions and the DOT standards," even if the VE did not disclose a conflict). As *Lindsley* makes clear, the ALJ is under no obligation to investigate the accuracy of the VE's

13

testimony beyond the inquiry mandated by SSR 00-4p. *Id*. This obligation falls to
the plaintiff's counsel, who had the opportunity to cross-examine the VE and
bring out any conflicts with the DOT. The fact that plaintiff's counsel did not do
so is not grounds for relief. *See Ledford v. Astrue*, 311 Fed. Appx. 746, 757 (6th
Cir. 2008). The plaintiff's first argument is without merit.

*Beinlich*, 345 Fed. App'x at 168-69; *accord Leach v. Comm'r of Soc. Sec.*, No. 13cv14095, 2014 WL 4794167 at *8 (E.D. Mich. Sept. 25, 2014) ("where the ALJ specifically asked the VE if her testimony comported with the DOT, and the VE responded in the affirmative, that is all that is required"); *Corlew v. Comm'r of Soc. Sec.*, No. 12cv10004, 2013 WL 1190208 at *7 (E.D. Mich. Feb. 19, 2013), *report and recommendation adopted*, 2013 WL 1187515 (E.D. Mich. Mar. 22, 2013) ("Plaintiff's arguments regarding the various flaws in the vocational expert's testimony are barred because plaintiff did not raise those issues at the hearing."); *Norman v. Comm'r of Soc. Sec.*, No. 1:14cv2374, 2016 WL 922741 at *4 (N.D. Ohio Mar. 11, 2016) (Lioi, J.)

Taylor and his counsel attended the hearing, had the opportunity to cross-examine the VE, and the questions focused on the issue of claimant's ability to stand for two hours. (R. 10, PageID #: 128-130.) During the hearing, the ALJ concluded questioning of the VE by specifically asking: "Is the testimony then that you've provided consistent with the information found in the *Dictionary of Occupational Titles* and its companion publication, *Selected Characteristics of Occupations*, defined in the revised DOT?" (R. 10, PageID #: 128.) The VE confirmed, "Yes, with the exception of days absent from work which is not addressed in the DOT but is based on my work experience, education, and training." *Id.*

No alleged inconsistency between the RFC and the SCO was addressed at the hearing or in the ALJ's decision. But the above-authority is dispositive of Taylor's argument. Because Taylor did not bring the alleged inconsistency concerning the meaning of climbing or the scope

14

of the RFC to the attention of the ALJ,[3] the ALJ could rely upon the VE's testimony and did not need to explain how any alleged inconsistency was resolved. *See, e.g.*, *Beinlich*, 345 Fed. App'x at 168; *Martin*, 2006 WL 509393, at *5; *Poll v. Berryhill*, No. 3:16CV2061, 2017 WL 3731988, at *8 (N.D. Ohio Aug. 30, 2017). The court finds no error.

Taylor's reliance upon two cases from this district is misplaced because each case, although distinguishable on their pertinent facts, is consistent with this decision and neither compels the result claimant seeks. (R. 15, PageID #: 5221, citing *Bennett v. Commissioner*, No. 1:16CV227, 2016 WL 7395795, at *7 (N.D. Ohio Dec. 2, 2016), *adopted by* 2016 WL 7396707 (N.D. Ohio Dec. 21, 2016); and, *Benedict v. Commissioner*, No. 1:13CV2026, 2014 WL 3053305, at *13-*14 (N.D. Ohio July 7, 2014).) In *Bennett*, unlike in the case at bar, the ALJ failed to examine the VE as mandated by SSR 00-4p and did not ask whether the VE's opinions were consistent with the DOT. *Bennett*, 2016 WL 7395795, at *6. The court determined that the ALJ's complete failure to make the required inquiry was not harmless error. *Id.* at *7. Here, the ALJ did perform that inquiry. (R. 10, PageID #: 128.) Likewise, in *Benedict*, the ALJ did not specifically ask the VE after his testimony whether such testimony was consistent with the information provided in the DOT, but rather, the VE merely "acknowledged at the commencement of the hearing that his testimony was consistent with DOT and that he would advise when it was not." *Benedict*, 2014 WL 3053305, at *13. There, in addition to the ALJ failing to perform the mandatory inquiry under SSR 00-4p, the VE did not identify an obvious

---

[3] In addition, the claimant bears the burden of proof at Step Four. *Wilson*, 378 F.3d at 548; *Walters*, 127 F.3d at 529.

15

and readily apparent conflict in the exertional level. [4] The court confirmed the VE's failure to resolve a conflict in the testimony does not render the ALJ's ruling unsupported by substantial evidence (*id*. at *13), but ultimately determined that the ALJ's decision was "based on an inaccurate application of the rules." *Id*. at *14. That is not the case here.

In the present case, the ALJ satisfied the "affirmative responsibility to ask the VE about any possible conflict"[5] and the ALJ could properly rely on the VE's testimony, when determining:

> The claimant is capable of performing past relevant work as a building maintenance/ repairer…and heating and air conditioning mechanic…. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity….
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform them as customarily performed. The DOT provides that these jobs are skilled (SVP 7) in nature and are customarily performed at the medium exertional level. The vocational expert testified that based on the claimant's testimony he performed these jobs at the heavy exertional level. Although the claimant alleges depression that affects his ability to work, as noted above, his mental impairments are not severe. The record as a whole supports that despite his impairments the claimant remains capable of performing his past relevant work as a building maintenance/repairer and heating and air conditioning mechanic.

---

[4] The court determined that the inconsistency in that case was apparent and obvious, although neither the ALJ nor counsel identified the conflict between the VE's testimony and the DOT at the hearing. The VE's testimony regarding the claimant's past work exertional level description as light was "*facially different*" from the DOT's description that "*clearly* states the physical demands were in excess of light;" and "the occupational evidence provided by the VE was *clearly not consistent* . . . with the DOT." *Id*. (emphasis added). As such, the court determined, "it is *obvious* that Plaintiff cannot return to his past work. . . ." *Id.* at *14 (emphasis added).

[5] SSR 00-4p, 2000 WL 1898704 at *4.

(R. 10, PageID#: 82-83). The court finds no error and Plaintiff's sole assignment of error does not support remand.

## VIII. CONCLUSION

For the foregoing reasons, the court finds that the decision of the Commissioner is supported by substantial evidence. The record evidence as discussed in the ALJ's decision is such that "a reasonable mind might accept [it] as adequate" support for the Commissioner's final benefits determination. *See Kirk*, 667 F.2d at 535 (quoting *Richardson*, 402 U.S. at 401). Accordingly, the undersigned recommends that the decision of the Commissioner be **AFFIRMED**.

Date:  November 17, 2017          s/ David A. Ruiz
                                  David A. Ruiz
                                  United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).